**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARION O. KELLY,<br>    Plaintiff | 3:11cv928 |
| | (Judge Munley) |
| v. | |
| DENNIS BLOOM; POCONO MOUNTAIN<br>CHARTER SCHOOL, INC.;<br>SHAWNEE TABERNACLE CHURCH, INC.; and<br>JASMINE TOWNS,<br>KIM BOXLEY,<br>FRANCES ALEMAN,<br>EUGENE VAN HORN,<br>LISA BANSA, individually and as members of<br>POCONO MOUNTAIN CHARTER SCHOOL, INC.<br>BOARD OF TRUSTEES,<br>    Defendants | |

## MEMORANDUM

Before the court for disposition are the defendants' motions to dismiss the complaint. (Docs. 10, 15). The motions have been fully briefed and are ripe for disposition. For the following reasons, defendants' motions will be granted in part and denied in part.

**Background**[1]

In the 2010-11 academic year, plaintiff served as the Director of Operations for Pocono Mountain Charter School, Inc. (hereafter "Pocono Charter"). (Compl. ¶ 8 (Doc. 1)). A "Teacher Employment Agreement" governs the terms and conditions of her employment as Director.[2] (Id.)

---

[1] We recite the facts as set forth in plaintiff's complaint because we are ruling on motions to dismiss. However, we make no ruling at this time as to whether the allegations are true or false.

[2] Plaintiff asserts that the Teacher Employment Agreement is subject to a Confidentiality Agreement and therefore did not attach it to the

For several years, Defendant Dennis Bloom (hereafter "Bloom") acted as the Chief Executive Officer (hereafter "CEO") of Pocono Charter.  (Id. ¶ 7).  In December 2010, Bloom approached plaintiff and informed her of his plan to resign.  (Id. ¶ 10).  Bloom offered plaintiff the CEO position subject to ratification by Pocono Charter's Board of Trustees (hereafter "Trustees").  (Id.)  Plaintiff accepted.

Plaintiff alleges Pocono Mountain School District initiated an administrative action against Pocono Charter seeking revocation of its charter.  (Id. ¶ 11).  One of the primary issues raised by the School District was the dual role Defendant Bloom played as CEO of Pocono Charter and President of Shawnee Tabernacle Church (hereafter "Shawnee").  Plaintiff claims that the School District was concerned about the muddling of rights and responsibilities between the two entities.  (Id.)  Plaintiff asserts that the administrative action prompted Bloom's resignation and plaintiff's possible appointment as CEO.  (Id. ¶¶ 11-12).

In January 2011, the Trustees were presented with plaintiff's contract at a board meeting and in February 2011 at an executive committee meeting.  (Id. ¶ 15).  Plaintiff claims Defendant Bloom induced the Trustees to "table" discussions.  (Id.)  Despite not yet having a ratified contract, plaintiff began fulfilling the duties of CEO.  Plaintiff's contract as Director of Operations was not terminated or modified.  (Id. ¶ 13).  Plaintiff's salary increased from $70,000 to $92,500.  (Id.)  Immediately prior to Defendant Bloom's resignation as CEO he received in excess of $150,000

---

complaint.  (Compl. ¶ 8 (Doc. 1)).  The court directed the plaintiff to file the agreement so we may review it *in camera*.  (Doc. 25).  Plaintiff filed a copy of the contract, which was received on December 27, 2011.  (Doc. 28).

2

compensation.  (Id. ¶ 14).

Defendant Bloom interfered with plaintiff's duties as CEO.  (Id. ¶ 16). Plaintiff claims Defendant Bloom expected plaintiff would act as a figurehead CEO while he continued to make all decisions concerning Pocono Charter's operations.  (Id.)  In January 2011, plaintiff insisted that Bloom's wife's office at Pocono Charter be used by the school to facilitate an upcoming Federal Title I Audit.  (Id. ¶ 17).  Bloom informed plaintiff that his office, his wife's office and the adjoining suite could not be used by the school, even though the office spaces are included in the school's property lease.  (Id.)  Plaintiff claims neither Bloom, nor Mrs. Bloom, held any position as employee, officer or trustee of Pocono Charter at that time. (Id.)

Several other office disputes occurred between plaintiff and Bloom involving Bloom's use of the school vehicle, snow clearing and advance rent.  (Id. ¶ 18).  Plaintiff alleges these disputes prompted Bloom to conspire with the Trustees in failing to ratify plaintiff's appointment as CEO. (Id.)  Plaintiff's contract as CEO was never ratified.  On February 14, 2011, the Trustees terminated plaintiff's employment with Pocono Charter.  (Id.)

On May 13, 2011, plaintiff filed the instant complaint.  (Doc. 1). Plaintiff names the following defendants: Pocono Charter; the Board of Trustees, as members and individually; Dennis Bloom; and Shawnee Tabernacle Church.  Among the ten counts in her complaint, plaintiff asserts four causes of action: (1) violation of the Equal Pay Act (Count I); (2) breach of employment contract (Count II); (3) intentional interference with plaintiff's existing contract as Director of Operations (Count III, IV, V, VI); and (4) intentional inference with plaintiff's prospective contract as

CEO (Count VII, VIII, IX, X).

Plaintiff seeks her unpaid wages, liquidated damages, reasonable attorney's fees and costs from Pocono Charter. (Compl. ¶ 20 (Doc. 1)). She asserts $24,230.79 plus interest and costs in lost compensation as Director of Operations. (Id. ¶ 21). Plaintiff also seeks compensatory damages against Pocono Charter, Trustees, Bloom and Shawnee. (Id. ¶¶ 23-30).

On July 13, 2011, Shawnee filed a motion to dismiss.[3] (Doc. 10). Pocono Charter, the Trustees and Bloom (collectively the "Pocono Charter Defendants") filed a separate motion to dismiss on July 25, 2011. (Doc. 15). After the parties briefed the issues, the court held oral argument, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to the Equal Pay Act provision of the Fair Labor Standards Act, 29 U.S.C. § 206(d)(1), this court has jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). This court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

---

[3] The court granted Anders & Masington, LLC's motion to withdraw its appearance on behalf of Defendant Bloom and dismissed the 12(b)(6) motion filed by the firm on behalf of Bloom as being moot. (Doc. 21).

Constitution.").

**Legal Standard**

A 12(b)(6) motion tests the sufficiency of the complaint's allegations. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . . '" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the

complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom. Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (citation omitted). However, "we are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009) (internal quotations omitted).

To decide a motion to dismiss, a court must consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record and documents that form the basis of a claim. See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

**Discussion**

The Pocono Charter Defendants and Defendant Shawnee filed separate motions to dismiss challenging the claims asserted in the complaint. The court will address each of plaintiff's causes of action in turn.

**1. Violation of the Equal Pay Act**

Plaintiff claims that Pocono Charter, in violation of the Equal Pay Act, paid her at a lesser rate than Bloom, an employee of the opposite sex, for the position of CEO. The Equal Pay Act, a provision of the Fair Labor Standards Act, prohibits employers from discriminating between employees on the basis of sex in paying wages for jobs requiring equal skill, effort and responsibility under similar working conditions. 29 U.S.C. § 206(d).

The Pocono Charter Defendants argue Pocono Charter is not plaintiff's employer, and thus not a proper defendant under the Equal Pay Act claim. Pursuant to Pennsylvania Charter School Law, the Board of

Trustees, not the school, "shall have the authority to employ, discharge and contract with necessary professional and nonprofessional employes subject to the school's charter and the provisions of this article." 24 PA. CONS. STAT. ANN. § 17-1716-A(a). Defendants argue this claim should be dismissed for failure to state a claim against Pocono Charter, as such a claim should be made against the Trustees.

We agree with plaintiff that Pocono Charter was plaintiff's employer and the proper defendant under an alleged Equal Pay Act violation. While the Trustees may possess the general authority to employ, discharge and contract with employees, they do so on behalf of Pocono Charter, as Pocono Charter's acting agent. Under Pennsylvania Charter Law, a charter school possesses the powers necessary or desirable for carrying out its charter, including the power to "[s]ue and be sued, but only to the same extent and upon the same condition that political subdivisions and local agencies can be sued." 24 PA. CONS. STAT. ANN. § 17-1714-A-(a)(2). Individuals employed by a State, political subdivision of a State, or an interstate governmental agency are covered by the Equal Pay Act. 29 U.S.C. § 203(e)(2)(C). Accordingly, we find that plaintiff may bring suit against Pocono Charter as her employer under the Equal Pay Act.

Pocono Charter Defendants also cite to the Pennsylvania Charter Law regarding tort liability in support of their argument that the Trustees possess the ultimate authority regarding the operation of the school. The section provides, "[f]or purposes of tort liability, employes of the charter school shall be considered public employes and the board of trustees shall be considered the public employer in the same manner as political subdivisions and local agencies." 24 PA. CONS. STAT. ANN. § 17-1727-A.

However, the next sentence of the provision states, "The board of trustees of a charter school *and the charter school* shall be solely liable for any and all damages of any kind resulting from any legal challenge involving the operation of a charter school."  Id. (emphasis added); see also Warner ex rel. Warner v. Lawrence, 900 A.2d 980, 984 -85 (Pa. Commw. Ct. 2006) ("Section 1714–A provides how a charter school can be sued under the [Charter School Law], while Section 1727–A identifies who at a charter school can be sued . . . .").  We find that Pocono Charter may be sued for the legal challenge involving the operation of the school, such as employee compensation.  Therefore, we will deny defendants' motion to dismiss the Equal Pay Act claim on those grounds.

The Pocono Charter Defendants also challenge the sufficiency of plaintiff's allegations under the Equal Pay Act claim.  They argue plaintiff failed to identify any facts to support the contention that she was paid less as CEO based on her sex.  We disagree.

The court follows a two-step burden-shifting framework when addressing an alleged Equal Pay Act violation.  Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000).  "The plaintiff must first establish a *prima facie* case by demonstrating that employees of the opposite sex were paid differently for performing 'equal work' –work of substantially equal skill, effort and responsibility, under similar working conditions."  Id. (citing E.E.O.C. v. Del. Dept. of Health & Soc. Serv., 865 F.2d 1408, 1413-14 (3d Cir. 1989)).  The burden of persuasion then shifts to the employer to demonstrate the applicability of one of the four affirmative defenses specified in the Act.  Id.  At a motion to dismiss stage, we will only consider whether plaintiff has sufficiently pled a *prima facie* case for a violation of

the Equal Pay Act.

Plaintiff alleges she was paid less than Bloom, an employee of the opposite sex. (Compl. ¶ 20 (Doc. 1)). She claims she was paid $92,500, while Bloom was paid in excess of $150,000. (Id. ¶¶ 13, 14). Plaintiff fulfilled the very same position as Bloom, the position of CEO. There is no indication that plaintiff's duties or responsibilities differed from Bloom's. Based on the allegations in the complaint, we find that the plaintiff has pled sufficient facts to raise a reasonable expectation that discovery will reveal enough evidence to establish a *prima facie* case under the Equal Pay Act. Accordingly, the motion to dismiss Count I of the complaint will be denied.

**2. Breach of Employment Contract**

Plaintiff alleges Pocono Charter improperly and without reason terminated her employment as Director of Operations in violation of her employment contract. The Teacher Employment Agreement, which governs the terms of her employment as Director of Operations, provides that plaintiff would be terminated for reasons that are considered "just cause." (Employ. Agreem. ¶ 8 (Doc. 28)). The Pocono Charter Defendants again argue that Pocono Charter is not plaintiff's employer, rather the Trustees have the power to terminate plaintiff's employment, and therefore, plaintiff's claim should be dismissed for failure to state a claim.

The court finds Pocono Charter was the plaintiff's employer when she was employed as the Director of Operations. The Agreement clearly states, "'Pocono Mountain Charter School '**PMCS**" (the 'Employer' specified in the **Pocono Mountain Charter School Teacher's Handbook**) will employ **Marion Kelly** as **Director of Operations** for the **2010/2011** academic year . . . ." (Id. ¶ 1) (emphasis in original). Pocono Charter is

9

named as plaintiff's employer under the Director of Operations employment contract and is the proper defendant under the breach of contract claim. As stated above, we find that the Board of Trustees, while having the power to contract with employees, is not plaintiff's employer. This is further demonstrated by the fact that Pocono Charter is named as the employer in the employment contract. Therefore, we will examine the sufficieny of plaintiff's breach of contract claim as it relates to Pocono Charter.

To state a breach of contract claim in Pennsylvania, plaintiff must allege "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (citing CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct.1999)).

We find plaintiff sufficiently alleged a breach of contract claim. She alleged the existence of a contract with Pocono Charter–the employment contract as "Director of Operations." (Compl. ¶ 8 (Doc. 1)). Plaintiff supplied the court with a copy of that agreement, which included the essential terms of the contract. (Doc. 28). Plaintiff alleged that Pocono Charter improperly and without reason terminated her contract as Director of Operations. (Compl. ¶ 21 (Doc. 1)). Plaintiff also seeks damages for loss of her bi-weekly compensation for nine pay periods. (Id.) Finding allegations alleged in the complaint sufficient, the Pocono Charter Defendants' motion to dismiss the breach of contract claim in Count II will be denied.

**3. Intentional Interference with Existing and Prospective Contractual Relations**

Plaintiff claims defendants intentionally interfered with both her existing contract as Director of Operations and her prospective contract as CEO.  All defendants move to dismiss these claims.

The Pennsylvania Supreme Court has expressly adopted the definition of intentional interference with existing or prospective contract as provided in the Restatement (Second) of Torts.  Crivelli v. Gen. Motors Corp., 215 F.3d 386, 394 (3d Cir. 2000); RESTATEMENT (SECOND) OF TORTS §§ 766-67 (1979).  Plaintiff must establish the following elements:

> (1) the existence of a contractual relationship between the complainant and a third party; (2) an intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage as a result of defendant's conduct.

Crivelli, 215 F.3d at 394.  When asserting a claim of interference with a prospective contract, plaintiff must also demonstrate a reasonable likelihood or probability that the contract would have come into existence absent defendant's interference.  Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 213 (3d Cir. 2009) (internal quotation omitted).

To establish an interference claim, there must be a contract between complainant and a party other than the defendant in a lawsuit.  See Nix v. Temple Univ., 596 A.2d 1132, 1137 (Pa. Super. Ct. 1991); Daniel Adams Assocs., Inc. v. Rimbach Pub., Inc., 519 A.2d 997, 1000 (Pa. Super. Ct. 1987) ("Essential to a right of recovery . . . is the existence of a contractual relationship between the plaintiff and a 'third person' other than the defendant"); Mele v. TSE Systems, No. 09-174, 2010 WL 3075741, *4 (E.D. Pa. Aug. 5, 2010) ("A claim for intentional interference with contractual relations must involve three parties: the plaintiff, the alleged

11

tortfeasor, and a third party."). Simply stated, a party cannot interfere with its own contract.

Because a corporation acts through its agents and officers, such agents and officers are not liable for interference with a corporate contract when acting in their official capacities. Wagner v. Tuscarora School Distr., No. Civ.A. 1:04-CV-1133, 2006 WL 167731, *12 (M.D. Pa. Jan. 20, 2006) (citing Killian v. McCulloch, 850 F. Supp. 1239, 1251 (E.D. Pa. 1994)); Avins v. Moll, 610 F. Supp. 308, 318 (E.D. Pa.1984) (finding the overwhelming weight of authority in Pennsylvania is that a corporate officer, director, trustee or other management level agent is not personally liable for tortious interference.). A corporate agent may, however, be liable for inducing breach of contract if their "*sole* motive in causing the corporation to breach a contract is actual malice directed toward the plaintiff, or the individual's conduct is against the interest of the corporation." Avins, 610 F. Supp. at 318 (emphasis in original).

These corporate agency principals are equally applicable within a school district context. In Ruder v. Pequea Valley School District, the court held that a school district employee, agent or member of the School Board cannot tortiously interfere with an employment contract because when acting in their official capacity they are not "third parties." 790 F. Supp. 2d 377, 395 (E.D. Pa. 2011); see also Wagner, 2006 WL 167731, *12-13 (applying corporate agency principals to school district employment contracts). Similar to corporations, a school district employee or agent may be liable for inducing a breach of a school employment contract if they acted with actual malice or against the school district's interest. Ruder, 790 F. Supp. 2d at 395.

The Pocono Charter Defendants and Defendant Shawnee move to dismiss plaintiff's interference claims. At oral argument, plaintiff's attorney conceded that plaintiff may not assert an interference claim against Pocono Charter, as it is a party to her employment contracts. (Oral Arg. Trans. at 24, L. 15-19). Therefore, we will grant defendants' motion to dismiss with regard to the interference claims asserted against Pocono Charter under Counts IV and VIII. The remaining defendants, the Trustees, Bloom and Shawnee Tabernacle Church, each raise different arguments in support of their motions to dismiss the contractual interference claims. The court will address the claims as they relate to each defendant.

## A. Defendant Trustees and Bloom

Defendants argue plaintiff cannot assert contractual interference claims against the Trustees and Bloom because she cannot satisfy the requirement of a third party contractual relationship. Defendants argue that the Board of Trustees has the authority to employ, discharge and contract with employees, therefore the Trustees are a party to plaintiff's contract and cannot interfere with it. They also argue that Bloom, as an agent of Pocono Charter, cannot interfere with his principal's contract.

We agree with defendants in part and find that both the Trustees and Bloom are agents of Pocono Charter. This court has already determined that Pocono Charter, not the Trustees, is the plaintiff's employer under the Director of Operations employment contract and presumably would have also been plaintiff's employer under the CEO employment contract had it been ratified by the Trustees. The Trustees are agents of Pocono Charter and act on the school's behalf.

13

We also find that Bloom was an agent of Pocono Charter. At the motion to dismiss stage, the court takes all the allegations alleged in the complaint as true. See Kanter, 489 F.3d at 177. In the complaint, plaintiff alleged that Defendant Bloom was an agent of Pocono Charter when he interfered with her existing and prospective contracts. She also claims that Bloom continued to dictate the operations of the school even after he had resigned as CEO. Based on these allegations, we find that Bloom was acting as an agent of Pocono Charter at the time of the contractual interferences.[4]

As both the Trustees and Bloom were agents of Pocono Charter, the issue then becomes whether plaintiff sufficiently pled that they acted with actual malice or contrary to the interests of the school. See Ruder, 790 F.

---

[4] In the complaint, plaintiff asserts that Bloom was an agent of Pocono Charter. (Compl. ¶¶ 24, 28 (Doc. 1)). In her brief in opposition to Pocono Charter's motion to dismiss, plaintiff claimed that Bloom was not an agent of Pocono Charter, because he was not an employee, officer or trustee of Pocono Charter. (Pl.'s Br. In Opp to Pocono Charter Mot. to Dismiss at 11 (Doc. 19)). At the oral argument, plaintiff's attorney acknowledged that the complaint alleges that Bloom was an agent, however, in applying Avins v. Moll to the present case, argued that Bloom was not a management level agent and therefore could be liable as an individual. (Oral Arg. Trans. at 23, L. 4-10). The court is not persuaded by any of plaintiff's arguments based upon facts submitted subsequent to the submission of the complaint. At a motion to dismiss, we take the allegations in the complaint as true. See Kanter, 489 F.3d at 177. Therefore, we find that Bloom was an agent of Pocono Charter at the time of the interference and, based on the allegations in the complaint, Bloom was a management level agent. We note, as we will further explain in this memorandum, Bloom's status as an agent of Pocono Charter does not necessary limit his liability under the contractual interference claims. See Avins, 610 F. Supp. at 318; Ruder, 790 F. Supp. 2d at 395.

Supp. 2d at 395. After carefully reviewing the facts in the complaint, we find that the allegations amount to evidence of either motive and plaintiff sufficieny pled that the defendants actions, even as agents of Pocono Charter, interfered with plaintiff's contracts.

Plaintiff claims the Trustees and Bloom intentionally interfered with plaintiff's existing and prospective contractual relationship with Pocono Charter. (Compl. ¶ 22, 25 (Doc. 1)). She claims Bloom induced her to change positions from Director of Operations to CEO. (Id. ¶ 22). After learning plaintiff would not act as a figurehead, Bloom attempted to undermine her appointment. (Id.) Plaintiff alleges Bloom conspired with the Trustees and directed them to fail to ratify plaintiff's contract as CEO and to terminate her employment in any capacity with Pocono Charter. (Id.) Plaintiff's CEO contract was never ratified. (Id. ¶ 18). The Trustee terminated plaintiff's employment as Director of Operations without providing her with a reason in violation of her employment contract. (Id. ¶¶ 8, 18).

There is sufficient evidence that the Trustees' and Bloom's sole motive in their actions was actual malice towards the plaintiff or was adverse to the school's best interest. Therefore, we find plaintiff sufficiently pled that defendants interfered with her contracts. Having satisfied the elements of a contractual interference, the court will deny the Pocono Charter Defendant's motions to dismiss the intentional interference with existing contract claims as they relate to the Trustees and Bloom under Counts III and V of the complaint.

The court must lastly address the additional element under the prospective interference claims. To establish an interference with

prospective contract claim, plaintiff has the burden of demonstrating a "reasonable likelihood or probability" that the contract would have come into existence absent defendant's interference. Acumed, 561 F.3d at 213. Courts have found that defining a prospective contractual relationship can be difficult due to the uncertainty of the future. Phillips v. Selig, 959 A.2d 420, 428 (Pa. Super. Ct. 2008). "'[T]he term has an evasive quality, eluding precise definition. It is something less than a contractual right, something more than a mere hope.'" Id. (quoting Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 471 (Pa. 1979)).

In the instant case, plaintiff claims she had a reasonable belief she would receive the CEO contract because she was recommended to the Trustees by the previous CEO, she acted in the CEO capacity even though her contract had not yet been ratified and there were discussions before the Trustees regarding the ratification. (Pl. Br. in Opp. to Shawnee's Mot. to Dismiss at 9 (Doc. 18)). Furthermore, plaintiff alleged Bloom induced the Trustees to table discussions concerning the plaintiff's contract and later directed them not to ratify the CEO contract. (Compl. ¶¶ 15, 18 (Doc. 1)). Plaintiff demonstrated a reasonable likelihood she would have received the contract absent Trustees' or Bloom's conduct. Accordingly, we will deny the defendants' motion to dismiss the interference with prospective contractual relations claims as to the Trustees and Bloom under Counts VII and IX of the complaint.

**B. Defendant Shawnee Tabernacle Church**

Plaintiff alleges that Shawnee Tabernacle Church, through its agent Defendant Bloom, interfered with her contracts as Director of Operations and her prospective contract as CEO. Plaintiff claims that Bloom was an

agent of both Pocono Charter and Shawnee Tabernacle Church. Plaintiff avers that Bloom, in an attempt to preserve an improper church-state relationship between Shawnee and Pocono Charter, interfered with her contracts. (Id. ¶ 26, 30). Shawnee argues that plaintiff failed to sufficiently allege an agency relationship between Bloom and Shawnee, therefore it cannot be vicariously liable for Bloom's alleged conduct. Shawnee also contends that Bloom was not the President of Shawnee Tabernacle Church.

In Pennsylvania, there are three basic elements necessary to establish an agency relationship: (1) manifestation by a principal that an agent shall act for the principal; (2) the agent's acceptance of the undertaking; and (3) the parties' understanding that the principal is to be in control of the undertaking. CGB Occupational Therapy, Inc. v. RHA Health Serv, Inc., 357 F.3d 375, 385 n. 11 (3d Cir. 2004) (quoting Basile v. H & R Block Inc.,761 A.2d 1115, 1120 (Pa. 2000)). The Third Circuit has allowed for discovery before ruling on the existence of an agency relationship. Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 65 F. App'x 803, 808 (3d Cir. 2003) (citing Canavan v. Beneficial Fin. Corp., 553 F.2d 860, 865 (3d Cir. 1977) ("Because the existence of an agency relationship hinges largely on the particular facts of each case, discovery was essential to the preparation of an agency theory argument in this case.")).

In the instant case, plaintiff alleged that Bloom was acting as the President of Shawnee Tabernacle Church and CEO of Pocono Charter. (Compl. ¶ 7 (Doc. 1)). Plaintiff alleges that Pocono Mountain School District initiated an administrative action to revoke the school's charter due to Bloom's dual role. (Id. ¶ 11). Plaintiff claims that the School District was

concerned about the muddling of rights and responsibilities between Pocono Charter School and Shawnee Tabernacle Church.  (Id. ¶ 11).  Based on the allegations contained in the complaint, we find that plaintiff has alleged sufficient facts and we will allow for the plaintiff's claim of an agency relationship to proceed to discovery.  Therefore, we will deny Shawnee's motion to dismiss the intentional interference with existing contractual relations claim under Count VI.

Plaintiff also satisfies the additional element of interference with a prospective contract.  Our reasoning provided above as to plaintiff's reasonable expectation of receiving the CEO contract as it applied to Defendant Trustees and Bloom is equally applicable here.  Plaintiff demonstrated a reasonable probability that she would have received the CEO contract absent Defendant Bloom's interference.  As plaintiff alleged that Bloom was acting as an agent of Shawnee Tabernacle Church at the time of the interference, Shawnee may be liable for Bloom's conduct.  Therefore, we will deny Shawnee Tabernacle Church's motion to dismiss the prospective contract claim under Count X.

**Conclusion**

For the reasons stated above, we will grant in part and deny in part the defendants' motions to dismiss.  An appropriate order follows.

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARION O. KELLY,**<br>    **Plaintiff**<br><br>    **v.**<br><br>**DENNIS BLOOM; POCONO MOUNTAIN CHARTER SCHOOL, INC.;**<br>**SHAWNEE TABERNACLE CHURCH, INC.; and**<br>**JASMINE TOWNS,**<br>**KIM BOXLEY,**<br>**FRANCES ALEMAN,**<br>**EUGENE VAN HORN and**<br>**LISA BANSA, individually and as members of POCONO MOUNTAIN CHARTER SCHOOL, INC. BOARD OF TRUSTEES,**<br><br>    **Defendants** | **3:11cv928**<br><br>**(Judge Munley)** |

## ORDER

**AND NOW**, to wit, this 9th day of February 2012, the defendants' motions to dismiss the plaintiff's complaint are hereby GRANTED IN PART and DENIED IN PART, as follows:

   1. Pocono Charter Defendants' motion to dismiss (Doc. 15) is **GRANTED** with respect to Counts IV and VIII;

   2. Pocono Charter Defendants' motion to dismiss (Doc. 15) is **DENIED** with respect to Counts I, II, III, V, VII, and IX; and

   3. Shawnee's motion to dismiss (Doc. 10) is **DENIED** with respect to Counts VI and X.

                                                             **BY THE COURT:**

                                                             s/ James M. Munley
                                                             **JUDGE JAMES M. MUNLEY**
                                                             **United States District Court**